

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

MAR 2 5 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Complete Oilfield Management &           Civil Action No. 15-00207
Maintenance Inc.

                                                           Judge Richard T. Haik, Sr.

versus

                                         Magistrate Judge C. Michael Hill

Hogg, et al

## MEMORANDUM ORDER

Before the Court is plaintiff, Complete Oilfield Management & Maintenance Inc. d/b/a Comm Engineering's ("Comm"), Motion To Remand [Rec. Doc. 9] and defendants, Stephen Wayne Hogg and Project Consultants, LLC's ("Project Consultants"), Opposition thereto [Rec. Doc. 19].[1]

### I. Background

Defendant Project Consultants is a limited liability company registered in Louisiana whose sole member is defendant Stephen Wayne Hogg[2]. Hogg was originally employed by Comm as a consultant through his company, Project Consultants, and on January 10, 2014, Hogg began full time employment by Comm. Upon his full time employment, Hogg executed and entered into an Employee Agreement with Comm, "Inventions and Confidential Information," which "governs important rights of you and the company related to ownership

---

[1] Defendants submit that, in addition to their opposition to the motion to remand, the Court should consider their memorandum in support of the motion to dismiss plaintiff's petition, R. 5.

[2] Plaintiff's Petition states that Hogg is domiciled in Gulf Shores, Alabama. The Louisiana Secretary of State's official website, www.sos.la.gov, provides that Project Consultants, LLC's domicile address is 2615 North Causeway Blvd, Apt. D-80, Mandeville, LA 70471. The same address is given for Hogg, the sole member and registered agent.

of the work that you do for the company and information that you learn while working for the company." *R. 17-1.* In the Agreement, Hogg agreed not to use or disclose any confidential, proprietary and trade secret property of Comm including,

    a)    Copyright to all works including computer programs, ... during the term of my employment with Comm and which related in any way to the business of Comm;

    b)    Exclusive rights, even as to the inventor or inventors themselves, ... pertaining to Patents, to make use, offer to sell and sell inventions, developments, discoveries, processes, apparatus, methods or any improvement thereto whatsoever conceived, discovered, reduced to practice and/or developed, either by myself or jointly with others, during the term of my employment with Comm and which relate in any way to the business of Comm; to compete or set up to compete with Comm's combustor business;

    c)    Exclusive rights, even as to the conceiver or conceivers themselves, ... pertaining to Trade Names, Trade Marks, and/or Service Marks, to use in intrastate, interstate or foreign commerce any and all words, singularly or in combination, whatsoever conceived, discovered, reduced to practice and/or developed, either by myself or jointly with others, during the term of my employment with Comm and which relate in any way to the business of Comm; and

    d)    Exclusive rights to Confidential, Proprietary and/or Trade Secret Information concerning business of Comm, including but not limited to, equipment or goods made, offered for sale, sold or used by Comm, including but not limited to methods of making or using said equipment or goods, business research and planning information, proprietary business information and any other information relating to Comm, its products, services or customers acquired during the course of my employment which is not generally available to competitors of Comm.

Hogg further agreed not to "knowingly interfere with the business relationship between

Comm and any customer or other person, company, or organization", for a period of two years after termination of his employment with Comm. *Plaintiff's Petition, Exh. A.* Hogg resigned from his employment with Comm on May 30, 2014. *R. 9-3, p. 1, Aff. Of Goodyear.*

On September 8, 2014, Hogg emailed a representative of Anschutz Exploration Corporation, a customer and prospect of Comm, discussing the work he would perform for the company through Project Consultants. *Id., p.3.* In the email, Hogg stated that "Project Consultants was hired as an independent contractor by Comm to lead the combustor division and develop combustors...." and that he "designed, manufactured, and commissioned more than 80 units." *Id.* Hogg listed multiple combustors which he "designed and manufactured over the past year." *Id.* Plaintiffs contend the projects listed in the email were Comm projects, some of which were coordinated by Hogg while he worked as a consultant or an employee of Comm. *Id., p. 2, Aff. Of Goodyear.*

Plaintiff filed this action in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, seeking to recover damages and injunctive relief against the defendants "for the wrongful diversion of customers, intentional interference with contract, and unfair trade practices." *R. 17-1, Plaintiff's Petition, ¶ 3.* Defendants removed the action contending that Project Consultants, a Louisiana corporation and non-diverse defendant, was fraudulently/improperly joined as a defendant, and therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *R. 1, Removal.* Plaintiff argues that it has asserted a cognizable trade secrets claim against Project Consultants, which was created and directed

3

by its former employee, Hogg, and transferred "plaintiff's trade secrets, including proprietary design information, customer lists, and manufacturing and supplier information to this entity." *R. 9, p. 1.*

## II. Legal Standard

When a non-diverse party is properly joined as a defendant, a federal court lacks subject-matter jurisdiction over the case pursuant to 28 U.S.C. § 1332 and the case may not be removed from state court. However, a defendant may remove the case by showing that the non-diverse party was improperly joined. *Tippen v. Republic Fire and Cas. Ins. Co.*, 2007 WL 4219352, at *2 (E.D.La.Nov.28, 2007) (Vance, J.) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir.2003)). Because the doctrine of improper joinder is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* A defendant may establish improper joinder by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *Id.* (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir.2003)). As defendants have not alleged actual fraud in the plaintiff's pleading of jurisdictional facts, the Court will consider only the second test for improper joinder.

In order to show that plaintiffs are unable to establish a cause of action against the non-diverse defendant, the defendant claiming improper joinder must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated

differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *C.S. Gaidry, Inc. v. Union Oil Co. of Cal.*, 2009 WL 2765814, at *2 (E.D.La.Aug.27, 2009) (Vance, J.) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc)). All ambiguities are construed against removal. *Butler v. Polk*, 592 F.2d 1160, 1164 (5th Cir.1979). Furthermore, all ambiguities are to be interpreted in favor of the non-removing party. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003). When deciding the issue of improper joinder, a district court may "pierce the pleadings" and consider other evidence in the record. *Id.* at 649.

### III. Analysis

Plaintiff contends that because defendant Project Consultants and the plaintiff are citizens of Louisiana, there is an absence of complete diversity of citizenship, and thus, no subject matter jurisdiction exists. Defendants oppose plaintiff's motion asserting that the removal of this action is based on the improper joinder of Project Consultants. In particular, defendants argue that plaintiff fails to establish plausibly that a protected trade secret exists in this matter, and therefore, plaintiff's claims against Project Consultants should be dismissed. Defendants contend that while Plaintiff has attached the January 10, 2014 Employment Agreement between Comm and Hogg, there is no confidentiality agreement between Comm and Project Consultants. Defendants further contend because there are no allegations as to what aspects of the design, fabrication and installation of combustors is

protected by LUTSA, plaintiff's LUTSA claim against Project Consultants has no merit.

The Louisiana Unfair Trade Secrets Act ("LUTSA"), La. Rev. Stat. § 51:1431, proscribes the misappropriation of information that constitutes "trade secrets." Under LUTSA, a plaintiff may obtain injunctive relief as well as damages for actual losses and unjust enrichment. La. R.S. 51:1433. "In order to recover damages, a complainant must prove (a) the existence of a trade secret, (b) a misappropriation of the trade secret by another, and (c) the actual loss caused by the misappropriation." *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 648 (5th Cir. 1997).

Under LUPSA, the term "misappropriation" is defined as "disclosure or use of a trade secret of another without express or implied consent by a person who ... at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was ... acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." La. R.S. 51:1433. "'Trade secret' means information, including a formula, pattern, compilation, program, device, method, technique, or process, that ... derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and ... is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." La. R.S. 51:1431(4).

Determining whether information qualifies as trade secrets is a question of fact. *Ferrellgas, L.P. v. McConathy*, 2010 WL 1010831, *7 (W.D.La. 2010) (J. Drell). However,

Louisiana courts have held that "[a] customer list or special pricing list may be a trade secret if efforts are made to maintain its secrecy." *Pontchartrain Med. Labs. Inc. v. Roche Biomedical Labs., Inc.*, 677 So.2d 1086, 1090 (La.App. 1st Cir.1996). "The efforts required to maintain secrecy are those reasonable under the circumstances, and courts do not require extreme and unduly expensive procedures to be taken to protect trade secrets." *Sheets v. Yamaha Motors Corp., U.S.A.*, 849 F.2d 179, 183 (5th Cir.1988).

Defendants argue that plaintiff fails to establish that a protected trade secret exists in this matter. The Court disagrees. Upon considering plaintiff's Petition, including the extensive language of the Employment Agreement, the affidavit of Mark Goodyear, Comm's Chief Executive officer, the September 8, 2014 email correspondence between Hogg and Anschutz Exploration Corporation, as well as the foregoing jurisprudence, the Court finds that defendants have failed to establish plaintiff's lack of a colorable protected trade secret claim against Hogg and Project Consultants. The record provides that less than eight months after he signed an employment agreement related to the confidential work he performed at Comm, Hogg used his limited liability company to compete with Comm by using Comm's client lists in order to promote his work in Comm's combustor division, arguably in violation of the Employment Agreement.[3] Just as an individual managing member, such as Hogg, may not hide behind any mantle of protection from personal liability ordinarily accorded the LLC, the member may not use or conspire with the LLC to violate the law without consequences.

---

[3] "An employer may require an employee not to disclose confidential information." *NovelAire Technologies, L.L.C. v. Harrison*, 50 So.3d 913, 918 (La.App. 4 Cir.,2010)

7

Thus, under the circumstances in this case, in the event of any determination of liability for a trade secrets violation on the part of Hogg, a determination of liability on the part of his company Project Consultants is also possible whether under the alter ego doctrine or otherwise.[4]

As defendants have failed to overcome the heavy burden of proving that there is no possibility of a valid cause of action being set forth against the in-state defendant, Project Consultants, the Court finds that Project Consultants was not fraudulently joined and this matter must be remanded. Accordingly,

**IT IS ORDERED** that plaintiff, Complete Oilfield Management & Maintenance Inc. d/b/a Comm Engineering's, Motion To Remand [Rec. Doc. 9] is **GRANTED** and the Clerk of Court is to remand this case to the Fifteenth Judicial District Court, Lafayette Parish.

Thus done and signed this 23rd day of March, 2015 at Lafayette, Louisiana.

_____
Richard T. Haik, Sr.
United States District Judge

---

[4] A limited liability company is a juridical person to which the law attributes personality. *Ogea v. Merritt*, 130 So.3d 888, 894 (La.2013).